```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

DUSTIN C. BRYANT, ET AL.                    CIVIL ACTION

VERSUS                                      NO: 08-3772

BRANDON KINNAMON, ET AL.                    SECTION: "A" (2)

### ORDER AND REASONS

Plaintiff Dustin Bryant alleges that defendant Brandon Kinnamon beat him while Plaintiff was incarcerated at the Washington Parish jail.  Kinnamon was employed as a deputy with the sheriff's office.  Plaintiffs learned that Kinnamon is on active military duty in Iraq when they attempted to serve him with the complaint in this matter.  Citing § 521(2) of the Servicemembers Civil Relief Act , 50 App. U.S.C.A. § 501, <u>et seq.</u>, Plaintiffs have moved the Court for appointment of an attorney to represent the absentee defendant "in the interest of the expeditious disposition of this matter."  (Rec. Doc. 8).

Plaintiffs' Application for Appointment of An Attorney Pursuant to the Servicemembers Civil Relief Act (Rec. Doc. 8) is

DENIED.  Plaintiffs have provided the Court with no authority to support their entitlement to appointment of an attorney under these facts and the Court's own research has likewise revealed none.  Section 521 is entitled "Protection of servicemembers against default judgments" and it specifically applies when the defendant does not make an appearance.  50 App. U.S.C.A. § 521(a) (West Supp. 2008).  Given that default judgments are only at issue if the defendant does not make an appearance *after* being served, the Court is not persuaded that this section applies to allow appointment of an attorney to accept service for the defendant.  Plaintiffs are clearly entitled to their day in court to prosecute their claims but nothing about § 521 suggests that its intended use is to aid claimants in expediting their claims against members of the active military.  Rather, the stated purpose of the Act is to protect the rights of absentee servicemembers so that they can devote their efforts to the defense of the Nation.  50 App. U.S.C.A. § 502 (West Supp. 2008).

Upon review of the complaint it is clear that this matter cannot go forward without the presence of Kinnamon who is a key defendant in this matter.  The Court will therefore stay this matter pending Kinnamon's return from active military duty in Iraq.  Upon Kinnamon's return Plaintiffs can move to reopen this matter and then effect service.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that this matter (including the deadline for service under Rule 4(m)) is **STAYED** pending further orders of the Court. The Clerk shall mark the action **CLOSED** for administrative purposes. This order shall not prejudice the rights of any party to this litigation.

September 30, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE